[Cite as *Cook v. Cook*, 2017-Ohio-8848.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TAMI COOK

    Appellee

v.

THOMAS COOK

    Appellant

C.A. No.     28575

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2003-08-3121

DECISION AND JOURNAL ENTRY

Dated: December 6, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, Thomas B. Cook, appeals the January 4, 2017 judgment of the Summit County Court of Common Pleas, Domestic Relations Division, denying his motion to terminate the division of property order entered June 9, 2006. We affirm.

I.

{¶2} Thomas Cook ("Husband") and Tami Cook ("Wife") married on March 30, 1996. In August of 2003, Wife filed for divorce, and the matter proceeded to a trial on December 1, 2004. Their marriage terminated on December 8, 2004, pursuant to the final entry decree of divorce issued by the trial court. To effectuate the division of property in the divorce decree, the parties, through their respective attorneys, jointly submitted a division of property order. The court entered the division or property order on June 9, 2006.

{¶3} On July 7, 2016, Husband filed a motion to terminate the division of property order. In the motion to terminate, Husband asserted that Wife was entitled to receive her equal

half of the marital portion of his Ohio Public Employees Retirement System ("PERS") pension account, that she had received payments totaling at least one-half of the marital value, and requested that the court terminate the division of property order to prevent any additional payments issuing to Wife in excess of her equitable share. The motion included an exhibit: a letter, dated July 20, 2011, addressed to Husband from PERS in response to Husband's inquiry regarding the value of his retirement account through the approximate dates of his marriage to Wife.

{¶4}  The parties submitted briefing on the issue prior to a motion hearing before the magistrate held on September 22, 2016. On January 4, 2017, the trial court issued a judgment entry adopting the magistrate's decision, which simultaneously attached and incorporated the magistrate's decision dated that same day. Husband filed an objection to the magistrate's decision. On March 6, 2017, the trial court entered judgment overruling the objections, finding that the record did not support the basis for Husband's position regarding the division of property, and determining that his motion to terminate improperly sought to modify the divorce decree by terminating the division of property order. Husband filed this timely appeal from the trial court's judgment entry adopting the magistrate's decision and overruling his motion to terminate. He raises one assignment of error for our review.

II.

**Assignment of Error**

**The trial court committed error in adopting that aspect of the magistrate's decision, which interpreted the division of property order in a manner that effectively modified the division of property concerning Husband's PERS pension from what was ordered by the plain language of the decree of divorce, when the court had not reserved jurisdiction in the decree to modify the division of property.**

{¶5}     In his sole assignment of error, Husband contends that the lower court erred by adopting the magistrate's decision overruling his motion to terminate.  The issues Husband raises within this assignment of error are rather convoluted.  His argument centers upon his claim that the judgment entry denying his request to terminate the division of property order is "at odds" with the terms of the divorce decree.  Husband contends that the magistrate's decision, and the judgment entry adopting it, improperly interpreted the division of property in the divorce decree so as to permit the division of property order to remain in place and allow Wife to receive benefits beyond the fixed value he believes due her.  He claims the trial court's denial of his requested relief materially and substantially modified the decree, and that the court lacked jurisdiction to enter judgment modifying the division of property as provided in the divorce decree.

{¶6}     Husband asserts that, because the court lacked jurisdiction to modify the decree, this appeal presents a jurisdictional question of law that must be reviewed de novo.  We recognize that, generally, a trial court does not retain jurisdiction to modify its order equitably dividing property, however, it does retain jurisdiction to "'clarify and construe its original property division so as to effectuate its judgment.'" *Helmstedter v. Helmstedter*, 9th Dist. Summit No. 24237, 2009-Ohio-3559, ¶ 11, quoting *Cisco v. Cisco*, 4th Dist. Gallia No. 08CA8, 2009-Ohio-884, ¶ 11.  Husband bases his claim that the trial court lacked jurisdiction to deny his motion on the assumption that the judgment entry declining to terminate the division of property order had the effect of modifying the division of property in the decree.  Further, his claim that the judgment entry modifies the decree presupposes that the trial court incorrectly interpreted the division of property.

{¶7}    The issues husband raised regarding the trial court's jurisdiction to modify the divorce decree only become relevant if, in denying the motion to terminate, the trial court did, in fact, effectively modify the decree. Therefore, we must first consider the threshold issue: whether the trial court erred in construing the division of property ordered in the divorce decree when it adopted the magistrate's decision. "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). A trial court abuses its discretion when it "acts in a manner contrary to law or without evidentiary support." *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 57.

{¶8}    Husband's argument is premised upon his interpretation of the language in the divorce decree as providing for a fixed value distribution of the marital portion of the pension to Wife. He contends that Wife's equal share of the marital portion of the pension is an ascertainable amount, and once Wife had received that amount, either in a lump sum or in monthly benefit payments, the distribution must be capped. In his motion to terminate Husband argued that, without an order from the court granting his relief, the division of property order would continue to serve as a basis for PERS to issue benefit payments to Wife indefinitely.

{¶9}    The divorce decree states "[f]or the purpose of making a division of marital property, the period of time 'during the marriage' was from the date of marriage through the day of the trial." The decree further ordered:

> The parties shall divide equally by [division of property order], the marital portion
> of Husband's PERS pension/retirement Plan. If provided by the Plan, this

[division of property order] shall include a provision that Wife shall receive her portion of the pension benefit regardless of the reason why the pension has gone into pay status including disability.

The decree made no further order regarding the division of Husband's pension.

{¶10} The June 9, 2006 division of property order, jointly submitted and agreed to by the parties, identified Husband as the plan participant in PERS. It designated Wife as the alternate payee, and indicated that she was to receive payment in an amount determined by a percentage of a fraction. In the event that Husband elected periodic benefits, the division of property order specified that Wife's monthly benefit payment would be calculated as fifty percent of the fraction: 8.667, representing the number of years during which Husband was a plan participant while the parties were married, over a denominator to be determined by PERS upon Husband's retirement and based on his total years of service credit. Consistent with the divorce decree, this division of property order did not indicate a cap to the number of payments or state a maximum dollar amount of benefit payments that Wife would be eligible to receive.

{¶11} The magistrate considered Husband's claim that Wife had already received an amount equal to one-half of the value of the marital portion of the pension, that the court's failure to terminate the division of property order would constitute a modification of the divorce decree, and that the decree had provided for the payment of a fixed value rather than an indefinite term of monthly payments. The magistrate found that the divorce decree provided for the parties to divide equally, by division of property order, the marital portion of Husband's pension. She found that the record did not support Husband's claim that a specific value had been established. The magistrate found that Husband's argument was not supported by the language in the record, the division of property order, or by law. The trial court adopted the magistrate's decision and denied Husband's motion to terminate the division of property order.

{¶12} In overruling Husband's objections to the magistrate's decision, the trial court found that the divorce decree provided for the equal division of the marital portion of Husband's pension account and that the division of property order provided for Wife to receive a percentage of Husband's monthly pension benefit. The trial court found that Husband's argument—that Wife was to receive a monthly benefit up to a sum certain or a cap—was not supported by the record. Accordingly, the trial court overruled Husband's first objection. The court then considered Husband's second objection, that "failure to terminate the [division of property order] would constitute a modification of the divorce decree." Based upon its rejection of Husband's first argument, the trial court concluded that, by attempting to halt the distribution of payments, Husband was actually seeking to modify the divorce decree.

{¶13} The trial court attempted to clarify that, contrary to Husband's assertion, a frozen coverture fraction does not establish a sum certain that the non-participant spouse is to receive. The court went on to distinguish between a division of property based on a fixed value and the frozen coverture method, stating:

> A frozen coverture provision does not establish a sum certain that the non-participant is to receive. It sets an amount based on the participant's length of service and length of marriage as of the date of the divorce decree that the non-participant is to receive from the participant's monthly benefit.
>
> The traditional coverture fraction method allows the participant to benefit from an increase in the monthly benefit which accrues as a result of post-decree circumstances. *Hoyt v. Hoyt*, 53 Ohio St.3d 177 (1990).

Finally, the court recognized that the traditional method accounts for a final average salary based on Husband's best three years, resulting in a final average that is greater than his average salary during the marriage, and Wife's monthly payment is calculated upon that amount.

{¶14} Husband maintains that, by failing to terminate the division of property order, the trial court incorrectly modified the divorce decree by interpreting it to provide for a "traditional

coverture fraction" method, resulting in a "lifetime stream of payments, well beyond her one-half share of the account's marital value." Husband's argument is based on a fundamental misunderstanding of certain methods used to determine pension distribution. Specifically, he confuses the present cash value method with frozen coverture. When a court orders the division of property based on present cash value or "theoretical liquidation value" the court determines the present value of retirement benefits as a sum certain, divides that amount to reflect the non-participant spouse's share, and then awards the non-participant spouse other marital or separate property of a value equal to his or her share. *Hoyt*, 53 Ohio St.3d at 182. Unlike a deferred distribution method, this method allows the participant spouse to keep a full interest in the pension by providing the other spouse with an immediate distribution or offset, and allows the parties to avoid further entanglement of their economic interests. *Id.*

{¶15} Both the traditional and frozen coverture methods are used to determine the specific share of the periodic pension benefits that the non-participant spouse will receive. Under the "traditional coverture" method, "a court determines the amount of money due the non-participant spouse by using the value of the pension at retirement to determine the 'monthly accrued benefit.'" *Cameron v. Cameron*, 10th Dist. Franklin No. 12AP-349, 2012-Ohio-6258, ¶ 18. The court next determines the coverture fraction by employing a ratio: the number of years the participant spouse contributed to the pension during the marriage, over the total number of years the participant spouse contributed. *Id.* Finally, to calculate the marital portion of the benefit, the court multiplies the monthly accrued benefit by the coverture fraction, and then divides that figure to determine the non-participant spouse's equitable share. *See e.g.*, *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286, ¶ 9-11 (10th Dist.).

**{¶16}** The frozen coverture method, by contrast, requires the court to determine the value of the pension account as if it were frozen on the divorce date. *Cameron* at ¶ 17. "Sometimes called the 'hypothetical' approach, it calculates the value of the participant spouse's retirement account had he or she retired on the same day the parties divorced, using the then-present base pay and years of service." *Id*. This approach, results in a smaller monthly benefit payment to the non-participant spouse than under the traditional coverture method because, unlike the traditional approach, the frozen method awards no interest in any post-divorce increase in the pension to the non-participant spouse. *See Id*. at ¶ 18; *See also Thompson* at ¶ 39.

**{¶17}** The frozen coverture method requires a determination of the present value solely for the purpose of determining the monthly benefit payment based on that figure. It does not, however, involve a limit or cap on those payments in the amount of the frozen or hypothetical value, as Husband suggests. The division of property in the divorce decree at issue here does not purport to determine a present value of Husband's pension: it provides for neither a present cash value distribution of Wife's interest, nor a deferred distribution under a frozen coverture calculation. Rather, it awards Wife her equitable share in the marital portion of the pension, and instructs that the division be accomplished by a division of property order. There is simply no support in the record, or in the law, for Husband's claim that Wife's payments are to be capped when a specific sum has been paid to her. Therefore, we conclude that the trial court did not abuse its discretion whet it rejected Husband's argument, that its failure to terminate the division of property would impermissibly alter the terms of the divorce decree, and denied Husband's motion to terminate.

**{¶18}** This Court's resolution of the first issue is dispositive of the remaining issues Husband has raised. Having determined that the trial court did not err in denying the motion to

terminate, we further conclude that the judgment entry denying Husband's motion is consistent with the division of property in the decree. The judgment entry reflecting the court's decision did not alter the division of property ordered in the divorce decree; it merely denied Husband's request to modify the order effectuating the division of property and left the division of property order as it were. Husband cannot use a motion to terminate as a means to present a belated attack on the division of property order. Further, he has failed to articulate any legal basis upon which he can reasonably claim that the trial court was required to grant a motion to terminate a division of property order—having been jointly submitted by the parties and entered by the court more than ten years prior—because he now believes that it unfairly affords Wife continual pension payments.

{¶19} For the reasons set forth above, Husband's assignment of error is overruled.

III.

{¶20} Thomas's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

J. ANTHONY TERILLA, Attorney at Law, for Appellant.

GARY M. ROSEN and JOSHUA A. LEMERMAN, Attorneys at Law, for Appellee.